IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT  OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA        §
                                §        CRIMINAL ACTION
VS.                             §
                                §     NO. 2:16-CR-61-D (3)
BRANDON JOE GOODAN              §

================================================================

TRANSCRIPT OF REARRAIGNMENT HEARING
BEFORE THE HONORABLE SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE


DECEMBER 13, 2016

AMARILLO, TEXAS

================================================================


A-P-P-E-A-R-A-N-C-E-S


FOR THE GOVERNMENT:        MR. JOSHUA FRAUSTO
                           Assistant United States Attorney
                           500 South Taylor, LB 238
                           Amarillo, Texas  79101-2442


FOR THE DEFENDANT:         MR. BILLY JARRETT JOHNSTON
                           Stockard, Johnston & Brown, PC
                           Attorneys at Law
                           P.O. Box 3280
                           Amarillo, Texas 79116-3280


COURT REPORTER:            MS. STACY MAYES MORRISON
                           Official Court Reporter
                           205 S.E. 5th Avenue
                           Amarillo, Texas  79101
                           (806) 672-6219

Proceedings reported by mechanical stenography; transcript produced by computer.

**VOLUME I (PAGES 1 - 22)**

                                                                    PAGE

CAPTION/APPEARANCES............................................    1

INDEX.........................................................    2

REARRAIGNMENT PROCEEDINGS.....................................    3

COURT'S EXAMINATION OF DEFENDANT..............................    5

SUPERSEDING INFORMATION.......................................    6

READING OF THE INFORMATION WAIVED.............................    6

COURT'S FINDING ON DEFENDANT'S UNDERSTANDING OF CHARGES........    7

WAIVER OF INDICTMENT..........................................    7

COURT'S RULING ON WAIVER OF INDICTMENT........................   10

PLEA AGREEMENT/SUPPLEMENT......................................   10

DEFENDANT'S RIGHTS............................................   11

PENALTIES AND CONSEQUENCES....................................   13

SUPERVISED RELEASE............................................   14

ADVISORY SENTENCING GUIDELINES................................   15

COURT'S FINDING ON DEFENDANT'S ENTERING PARAGRAPH 10 OF PLEA...   17

DEFENDANT'S PLEA..............................................   18

FACTUAL RESUMÉ................................................   18

COURT'S FINDING ON PLEA.......................................   20

COURT'S SENTENCING PROCEDURES.................................   20

DEFENDANT REMANDED............................................   21

REPORTER'S CERTIFICATE........................................   22

PROCEEDINGS FOR DECEMBER 13, 2016

(The following took place in open court with the defendant present.)

THE COURT:  The United States versus Brandon Joe Goodan.

MR. FRAUSTO:  The Government's ready, Your Honor.

MR. JOHNSTON:  Defense is ready, Your Honor.

(Pause.)

THE COURT:  The matter before the Court is United States versus Brandon Joe Goodan.

Mr. Goodan, will you raise your right hand and be sworn, please.

(The defendant was sworn by the courtroom clerk.)

THE COURT:  You are Brandon Joe Goodan?

THE DEFENDANT:  Yes, sir.

THE COURT:  Mr. Goodan, do you intend to plead guilty this afternoon to Count One of a Superseding Information charging you with the offense of Unlawful Use of a Communications Facility, in violation of Title 21, United States Code, Section 843(b)?

THE DEFENDANT:  Yes, sir.

THE COURT:  Before accepting your plea of guilty, I'm going to ask you a number of questions, and these questions will generally divide into these areas:

I'm going to be asking you questions to make

certain you understand the rights that you are giving up by pleading guilty to the United States Attorney's Superseding Information rather than a grand jury indictment.

I'm also going to be asking you questions to ensure that you understand the rights that you are giving up by pleading guilty, and these rights will primarily relate to the rights associated with a trial.

And then, finally, I will be asking you questions concerning the factual basis for your plea; that is, questions to ensure that you are, in fact, guilty of the offense to which you are pleading guilty.

If at any time I ask you a question or give you a warning that you do not completely understand, will you feel comfortable asking me to repeat or rephrase what I've said?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you also understand that you have the right to consult privately with your counsel, Mr. Johnston, at any time during this proceeding?

THE DEFENDANT:  Yes, sir.

THE COURT:  If you answer my questions without asking me to repeat and rephrase the question or without consulting with your counsel, may I assume that you understand the questions that I'm asking you and the warnings that I'm giving you?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you also understand that you are under oath at this time, and if you answer any of my questions falsely, your answers may later be used against you in a separate prosecution for perjury or for making a false statement?

THE DEFENDANT:  Yes, sir.

THE COURT:  Mr. Goodan, where were you born?

THE DEFENDANT:  Joplin, Missouri.

THE COURT:  How old are you at this time?

THE DEFENDANT:  Twenty-three.

THE COURT:  How far did you go in school?

THE DEFENDANT:  Eleventh grade.

THE COURT:  Have you been treated recently for any mental illness or addiction to narcotic drugs of any kind?

THE DEFENDANT:  Addiction, yes, sir.

THE COURT:  All right.  My purpose in asking you about this is to ensure that you are both mentally and physically competent to enter a guilty plea today.

Are you currently being treated for any drug addiction?

THE DEFENDANT:  No, sir.

THE COURT:  Okay.  And how long have you been in custody?

THE DEFENDANT:  Uh --

THE COURT:  Approximately?

THE DEFENDANT:  About six months.

THE COURT:  Okay.  So it's been at least six months since you've used any narcotics?

THE DEFENDANT:  Yes, sir.

THE COURT:  Okay.  And are you currently under the influence of any prescription drug or medication or alcoholic beverage?

THE DEFENDANT:  No, sir.

THE COURT:  Have you been provided with a copy of the Superseding Information that was filed with the clerk on December 8, 2016?

THE DEFENDANT:  Yes, sir.

THE COURT:  Have you had the opportunity to read the Superseding Information and discuss it with your attorney?

THE DEFENDANT:  Yes, sir.

THE COURT:  You have the right to have the Superseding Information read aloud to you now in open court. However, you may also waive that right if you wish.

Do you wish the Information read to you, or do you waive that right?

THE DEFENDANT:  I'll waive it.

THE COURT:  Counsel, do you also waive the reading of the Information?

MR. JOHNSTON:  I do, Your Honor.

THE COURT:  Mr. Goodan, do you understand the nature of the charge to which you intend to plead guilty?

THE DEFENDANT:  Yes, sir.

THE COURT:  Counsel, are you satisfied that your client understands the nature of the charge to which he intends to plead guilty?

MR. JOHNSTON:  I am, Your Honor.

THE COURT:  I find that Mr. Goodan understands the nature of the charge to which he intends to plead guilty.

Mr. Goodan, are you fully satisfied with your attorney and the representation and advice given you in the case by your attorney?

THE DEFENDANT:  Yes, sir.

THE COURT:  The Court has before it a Waiver of Indictment form that was filed with the clerk on December 8, 2016.

Mr. Goodan, do you understand that the offense to which you intend to plead guilty is a felony offense?

THE DEFENDANT:  Yes, sir.

THE COURT:  And do you understand that, when a person such as yourself is charged with a felony offense, he has the right to be charged by means of a grand jury indictment, but, with his consent, he can waive his right to be indicted, and he can agree to be charged by means of the United States Attorney's Information?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand that instead of a grand jury indictment the felony charge to which you intend to plead guilty is being prosecuted by means of the United States Attorney's Superseding Information?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand that, unless you waive your right to be indicted, you may not be charged with this felony offense unless the grand jury finds by return of an indictment that there is probable cause to believe that an offense has been committed and that you committed it?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand that, if you do not waive your right to be indicted, the Government may present the case to the grand jury and request it to indict you?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand that a federal grand jury is composed of at least sixteen, and not more than twenty-three, persons, and that in order for you to be indicted, at least twelve of the grand jurors must find that there is probable cause to believe that you committed the offense with which you are charged?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand that if the case were presented to the grand jury the grand jury might or might not

indict you?

THE DEFENDANT:  Yes, sir.

THE COURT:  And do you understand that, if you waive indictment by the grand jury, the case will proceed against you based on the U.S. Attorney's Superseding Information with the same legal force and effect as if you had been indicted?

THE DEFENDANT:  Yes, sir.

THE COURT:  Have you discussed with your attorney the matter of waiving your right to be indicted?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand your right to be indicted?

THE DEFENDANT:  Yes, sir.

THE COURT:  Have any threats or promises been made to induce you to waive your right to be indicted?

THE DEFENDANT:  No, sir.

THE COURT:  As I mentioned a moment ago, the Court has before it a Waiver of Indictment form that was filed with the clerk on December 8, 2016.  Did you sign this form, sir?

THE DEFENDANT:  Yes, sir.

THE COURT:  And you, Counsel?

MR. JOHNSTON:  Yes, Your Honor.

THE COURT:  Okay.  Mr. Goodan, do you now in open court, consistent with your written waiver, waive your right

to be indicted by the grand jury on the charge contained in the Superseding Information?

THE DEFENDANT:  Yes, sir.

THE COURT:  Counsel, do you know of any reason why your client should not waive his right to be indicted?

MR. JOHNSTON:  No, Your Honor.

THE COURT:  The Court will now enter an order and finding that the waiver is knowledgeably and voluntarily made and is accepted.

Mr. Goodan, the Court has before it a Plea Agreement and Plea Agreement Supplement that were filed with the clerk on December 8, 2016.

Before you signed these documents, did you have an opportunity to read them carefully and discuss them with your counsel?

THE DEFENDANT:  Yes, sir.

THE COURT:  Did you understand both the Plea Agreement and the Plea Agreement Supplement before you signed them?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you have any changes or corrections to make to either document?

THE DEFENDANT:  No, sir.

THE COURT:  Counsel, are you satisfied that your client understood the Plea Agreement and the Plea Agreement

Supplement before he signed them?

MR. JOHNSTON:  He does, Judge, and he did.

THE COURT:  And do you, Counsel, have any changes or corrections to make to either document?

MR. JOHNSTON:  No, Your Honor.

THE COURT:  Mr. Goodan, are you pleading guilty based on any promises by anyone other than the ones set forth in the Plea Agreement and the Plea Agreement Supplement?

THE DEFENDANT:  No, sir.

THE COURT:  Has anyone threatened you or attempted in any way to force you to plead guilty in this case?

THE DEFENDANT:  No, sir.

THE COURT:  Are you pleading guilty voluntarily of your own free will because you are guilty?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand that by pleading guilty to this felony offense, if I accept your plea, you will be adjudged guilty, and that judgment may deprive you of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand that under the Constitution and laws of the United States you have the right to plead not guilty, and you are entitled to a trial by a

jury on the charge contained in the Information?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand that at that trial, and at every other stage of the proceedings, you would have the right to the assistance of a lawyer?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you also understand that you would be presumed to be innocent of the charge against you, and the Government would be required to prove you guilty by competent evidence and beyond a reasonable doubt before you could be found guilty, and you would not have to prove that you were innocent?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you also understand that during the course of trial, the Government's witnesses would have to come here to court and testify in your presence, and you would have the right to see and hear the witnesses and have them cross-examined by your attorney?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you also understand that you would have the right to testify and to present evidence in your own defense if you chose to do so voluntarily, but that you could not be forced to testify against yourself?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you also understand that, if you

decided not to testify or to present any evidence, these facts could not be used against you for any reason?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you also understand that your attorney, Mr. Johnston, could issue legal documents called subpoenas to compel favorable witnesses to come here to court and testify on your behalf?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand that if you plead guilty, and I accept your plea, you will waive your right to a trial as well as the other rights associated with trial that I have just described?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you also understand that you will give up your right not to testify against yourself because I will ask you questions to establish that you are guilty, and you will have to admit that you are guilty?

THE DEFENDANT:  Yes, sir.

THE COURT:  I'm now going to advise you of the punishment that you face by pleading guilty to the one-count Superseding Information.

Do you understand that by pleading guilty you subject yourself to a maximum period of imprisonment of four years; a fine, the largest of $250,000, or double the gross money gain derived by you from the offense or double the

gross money loss caused by the offense to another person; that you may be ordered to make full restitution, including community restitution, in the form of money, or services instead of money, to any victim of the offense?

THE DEFENDANT:  Yes, sir.

THE COURT:  That you will be required to pay a mandatory special assessment of $100; and that you're subject to serving a period of supervised release not to exceed one year?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand that a term of supervised release is a term of supervision that follows release from imprisonment and is subject to such terms and conditions as the Court is permitted to impose by law, and that if you violate a term or condition of supervised release, your term of supervision can be revoked, and you can be sentenced to prison for the entire period of supervised release without credit for any time already served under supervised release?

THE DEFENDANT:  Yes, sir.

THE COURT:  Has anyone made any specific prediction or promise to you as to what your sentence will be?

THE DEFENDANT:  No, sir.

THE COURT:  Do you understand that I, and I alone, will decide what your sentence will be?

THE DEFENDANT:  Yes, sir.

THE COURT:  When you and Mr. Johnston were discussing whether you wanted to plead guilty in this case, did he discuss with you the advisory sentencing guidelines?

THE DEFENDANT:  Yes, sir.

THE COURT:  Did he explain to you generally how the guidelines work?

THE DEFENDANT:  Yes, sir.

THE COURT:  And are you aware that the guidelines are advisory, meaning that I am required to consult them and to take them into account when determining your sentence but that they are not binding upon me?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand that I am required by law to impose a sentence that reflects the seriousness of your offense, promotes respect for the law, provides just punishment for the offense, affords adequate deterrence, protects the public, and effectively provide you with needed educational or vocational training, medical care, or other correctional treatment?

THE DEFENDANT:  Yes, sir.

THE COURT:  When you and Mr. Johnson discussed the sentencing guidelines, did he give you his professional opinion concerning what he thought the advisory guideline range might be in your case?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand that, when he did that, he was expressing a professional opinion based upon his experience and expertise in criminal law and in the sentencing guidelines, but that he was expressing a professional opinion, not a guarantee or a promise?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand that neither I nor your attorney will be able to determine the advisory guideline range for your case until after a written Presentence Report has been completed, and you and the Government have each been given an opportunity to object to the facts contained in the Presentence Report as well as the proposed advisory guideline range?

THE DEFENDANT:  Yes, sir.

THE COURT:  So do you understand that no one, including your attorney, can predict in advance what your sentence will be?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you also understand that, after the advisory guideline range has been determined for your case, I have the authority to impose a sentence that is more severe than the sentence called for by the advisory guideline range?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand that in some

circumstances you or the Government may appeal my sentence?

THE DEFENDANT:  Yes, sir.

THE COURT:  And do you understand that in Paragraph 10 of your Plea Agreement, which is found at Page 4, you are waiving your right of appeal and of post-conviction challenge to your conviction, sentence, fine, and order of restitution or forfeiture except in very limited circumstances?

THE DEFENDANT:  Yes, sir.

THE COURT:  When you entered into Paragraph 10 of the Plea Agreement in particular, did you understand the rights that you were giving up and did you voluntarily choose to give up those rights?

THE DEFENDANT:  Yes, sir.

THE COURT:  Counsel, are you satisfied that your client knowingly and voluntarily entered into Paragraph 10 of the Plea Agreement in particular?

MR. JOHNSTON:  I am, Your Honor.

THE COURT:  I find that Mr. Goodan knowingly and voluntarily entered into Paragraph 10 of the Plea Agreement in particular.

Mr. Goodan, do understand that parole for the offense to which you are pleading guilty has been abolished, and if you are sentenced to prison, you will not be eligible for release on parole?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you also understand that, if the sentence I impose is more severe than you expected, you will still be bound by your plea of guilty, and you will have no right to withdraw your guilty plea?

THE DEFENDANT:  Yes, sir.

THE COURT:  Having been informed of your rights and of the possible consequences of pleading guilty, how do you plead to Count One of the Superseding Information filed on December 8, 2016; do you plead guilty or not guilty?

THE DEFENDANT:  Guilty.

THE COURT:  The Court will defer accepting or rejecting the Plea Agreement until it has had an opportunity to read and consider the Presentence Report.

Mr. Goodan, the Court has before it a Factual Resumé that was filed with the clerk on December 8, 2016. The purpose of the Factual Resumé so far as the Court is concerned is to establish that you are, in fact, guilty of the offense to which you have pleaded guilty.

Before you signed the Factual Resumé, did you have an opportunity to read it carefully and discuss it with your counsel?

THE DEFENDANT:  Yes, sir.

THE COURT:  Did you understand the Factual Resumé before you signed it?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you have any changes or corrections to make to it?

THE DEFENDANT:  No, sir.

THE COURT:  Counsel, are you satisfied that your client understood the Factual Resumé before he signed it?

MR. JOHNSTON:  I am, Your Honor.

THE COURT:  And do you, Counsel, have any changes or corrections to make to the Factual Resumé?

MR. JOHNSTON:  No changes or corrections, Your Honor.

THE COURT:  Mr. Goodan, at the bottom of Page 1 and the top of Page 2 of the Factual Resumé are the essential elements of the offense.

These are the essential factual elements that the Government must prove by competent evidence and beyond a reasonable doubt before you can be found guilty of the offense to which you have pleaded guilty.

Do you admit on your oath in open court that you committed each of the essential elements of the offense as they are set forth on Pages 1 and 2 of the Factual Resumé?

THE DEFENDANT:  Yes, sir.

THE COURT:  Beginning on Page 2 of the Factual Resumé, under the heading "Facts" and continuing on to Page 3 just above the signatures, are the specific facts on which

your plea of guilty is based and that establish that you are, in fact, guilty of the offense to which you have pleaded guilty.

Do you admit on your oath in open court that the facts set forth on Pages 2 and 3 of the Factual Resumé are true and correct in every respect?

**THE DEFENDANT**:  Yes, sir.

**THE COURT**:  I find that Mr. Goodan is fully competent and capable of entering an informed plea; that he is aware of the nature of the charge and of the consequences of his plea; and that his plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

His plea is therefore accepted, and it is ordered and adjudged that the defendant is guilty of the offense charged in Count One of the Superseding Information.

The Court schedules scheduling in this case as follows:

A Presentence Report will be prepared and available on February 14, 2017.

Sentencing will take place on Monday, March 27, 2017 at 1:30 p.m.

At the time of sentencing, I will hear from the defendant and his counsel and up to three others on his behalf.

In addition, he may ask others to write letters to me attesting to his character, and provided that I receive those letters by a deadline that I will set forth in my scheduling order, I will read them.

Mr. Goodan, you may be asked to meet with a United States Probation Officer concerning preparation of the Presentence Report.  When you do, your attorney may be present if you wish.

Your cooperation with the probation officer is important because the Presentence Report will serve as a basis for calculating the advisory guideline range as well as determining the sentence of the Court, and your cooperation with the probation officer may also have an effect on whether the officer recommends a lower advisory guideline range based upon your acceptance of responsibility.

Mr. Goodan, was there anything that I went over with you this afternoon that you feel you still do not completely understand and that you would like me to explain further?

**THE DEFENDANT**:  No, sir.

**THE COURT**:  Counsel, do you have anything further at this time?

**MR. JOHNSTON**:  I do not, Your Honor.

**THE COURT**:  At this time, I remand the defendant to the custody of the United States Marshal to be detained until

time of sentencing.

Counsel, if you have nothing further, you are excused.

MR. JOHNSTON:  Thank you, Judge.

**(End of Rearraignment for 12/13/2016.)**

* * * * * *

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter. I further certify that the transcript fees format comply with those prescribed by the Court and the Judicial Conference of the United States.

s/Stacy Mayes Morrison___          10/3/2024_____
Stacy Mayes Morrison                Date
Official Court Reporter