IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT  OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA      §
                              §        CRIMINAL ACTION
VS.                           §
                              §        NO. 2:16-CR-61-D (3)
BRANDON JOE GOODAN            §

================================================================

TRANSCRIPT OF SENTENCING HEARING
BEFORE THE HONORABLE SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

MARCH 27, 2017

AMARILLO, TEXAS

================================================================


A-P-P-E-A-R-A-N-C-E-S


FOR THE GOVERNMENT:         MR. JOSHUA FRAUSTO
                            Assistant United States Attorney
                            500 South Taylor, LB 238
                            Amarillo, Texas  79101-2442


FOR THE DEFENDANT:          MR. BILLY JARRETT JOHNSTON
                            Stockard, Johnston & Brown, PC
                            Attorneys at Law
                            P.O. Box 3280
                            Amarillo, Texas 79116-3280


COURT REPORTER:             MS. STACY MAYES MORRISON
                            Official Court Reporter
                            205 S.E. 5th Avenue
                            Amarillo, Texas  79101
                            (806) 672-6219

Proceedings reported by mechanical stenography; transcript
produced by computer.

**VOLUME I (PAGES 1 - 11)**

|  | PAGE |
|---|---|
| CAPTION/APPEARANCES............................................... | 1 |
| INDEX............................................................. | 2 |
| SENTENCING PROCEEDINGS............................................ | 3 |
| DEFENDANT'S SENTENCING REQUESTS................................... | 4 |
| ALLOCUTION OF THE DEFENDANT....................................... | 5 |
| COURT ACCEPTS PLEA AGREEMENT...................................... | 6 |
| COURT RULES SENTENCES TO RUN CONSECUTIVELY........................ | 7 |
| PRONOUNCEMENT OF SENTENCE......................................... | 7 |
| SUPERVISED RELEASE CONDITIONS..................................... | 8 |
| GOVERNMENT MOVES TO DISMISS ORIGINAL INDICTMENT................... | 9 |
| COURT GRANTS GOVERNMENT'S MOTION TO DISMISS....................... | 9 |
| SENTENCES TO RUN CONSECUTIVE...................................... | 9 |
| COURT'S RECOMMENDATIONS........................................... | 10 |
| DEFENDANT REMANDED................................................ | 10 |
| REPORTER'S CERTIFICATE............................................ | 11 |

<u>PROCEEDINGS FOR MARCH 27, 2017</u>

(The following took place in open court with the defendant present.)

THE COURT:  The United States versus Brandon Joe Goodan.

MR. FRAUSTO:  The Government's ready, Your Honor.

MR. JOHNSTON:  The Defense is ready, Your Honor.

(Pause.)

THE COURT:  The matter before the Court is United States versus Brandon Joe Goodan for sentencing.

The Court has received in this matter the Presentence Report, the Government's Statement Adopting the Presentence Report, the Defendant's Statement Adopting the Presentence Report, and various letters on behalf of the defendant, including a letter from the defendant himself, and I believe that a copy was provided to Mr. Johnston of that letter.

Counsel, are there any other written materials that the Court should have received but has not received?

MR. JOHNSTON:  No, Your Honor.

THE COURT:  Have you had sufficient time to read and discuss the Presentence Report and the other sentencing materials with your client?

MR. JOHNSTON:  I have, Judge.

THE COURT:  Mr. Goodan, have you had sufficient

time to read and discuss the Presentence Report and the other sentencing materials with your lawyer?

THE DEFENDANT:  Yes, sir.

THE COURT:  And, Mr. Goodan, the letter that you wrote me about you were upset with some things at that time, have those matters been resolved, or are you still concerned about them?

THE DEFENDANT:  Yes, sir.

THE COURT:  They have been resolved?

THE DEFENDANT:  Yes, sir.

THE COURT:  Okay.  Am I correct, Counsel, that there are no objections to the advisory guideline range?

MR. JOHNSTON:  You are correct, Your Honor.

THE COURT:  All right.  Does the Government wish to be heard regarding the sentencing?

MR. FRAUSTO:  No, Your Honor.

THE COURT:  Counsel, you may proceed.

MR. JOHNSTON:  Your Honor, briefly, today we have two requests.  The first request we're asking for a nonbinding recommendation from the Court.  The sentence imposed today, we're asking that he be sentenced to a facility as close as possible to Amarillo.

Your Honor, my client's grandmother and grandfather, as well as his mother, both live in this area, so we're requesting for that.

Second, Your Honor, what we're requesting -- and my client's been informed as -- not only to the possibility, but the probability, but, as I'm sure this Court is aware of, he is here on a federal writ. He currently has multiple undischarged terms of imprisonment out of Texas.

There are also some un -- well, he has yet to be sentenced, and whether or not a sentence is forthcoming in Missouri, we do not know.

Our request, we're requesting that the sentence imposed today be run concurrent with those charges. Once again, I have made my client aware that this Court has the authority to order that, or partially consecutive, or partially concurrently or consecutive, Your Honor.

Those are our two requests.

THE COURT: All right. Thank you. Mr. Goodan, you have the right to address me personally now before I pass sentence upon you.

THE DEFENDANT: I would just like to first apologize for everybody that has to be here wasting their time for my mistakes.

Two, I'd also like to ask that I'd be -- or that you'd recommend a drug program for me.

And, third, I would like to ask again that my sentences be ran concurrent so that I can get to the feds to get treatment that I need so I can get back to my family.

And that's all I have.

THE COURT: All right. Counsel, do you know of any reason why a sentence cannot lawfully be imposed at this time?

MR. JOHNSTON: There is none, Your Honor.

THE COURT: Mr. Goodan, are you ready for me to pass sentence upon you?

THE DEFENDANT: Yes, sir.

THE COURT: The Court accepts the Plea Agreement in this case. It will embody in the judgment and sentence the disposition provided in the Plea Agreement.

The Court is required by statute to impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes for sentencing that are set forth in Title 18, United States Code, Section 3553(a)(2) and is to consider all of the factors of Section 3553(a), which the Court has done.

In this case, I've determined that the guideline sentence, which is the statutory maximum sentence of forty-eight months, is sufficient, but not greater than necessary to comply with these purposes.

Mr. Goodan has benefited significantly from his Plea Agreement because the Presentence Report reflects that, absent the statutory maximum, his advisory guideline range would have been in the order of almost three times, and up to

even greater than that when you look at the range, what it otherwise was as a result of the cap.  So considering the guideline that results as a result of the cap, I determined that that is a sentence that is sufficient, but not greater than necessary.

With regard to running the state sentences concurrently or consecutively, I'm going to order them served consecutively.

I recognize the reason why the defendant would like for them -- at least one reason for them to run concurrently, but the way that we look at whether something should be concurrent or consecutive is to determine whether the relevant conduct in those cases has been counted towards the current case.  In other words, so that there's no double counting.

If the relevant conduct in those cases affected your guidelines or affected this sentence, we typically would run them concurrently.  But, otherwise, where it's unrelated, it's just two different obligations, one to the state and one to the federal government.

Accordingly, on Count One of the Superseding Information, it is adjudged that the defendant is hereby committed to the custody of the Bureau of Prisons for a term of forty-eight months.

It is ordered that the defendant pay a mandatory

special assessment of $100.

Restitution is not applicable.

The Court is not imposing a fine due to the defendant's inability to pay a fine.

It is ordered that the defendant serve a term of supervised release of one year.

While on supervised release, the defendant shall comply with the standard terms and conditions for supervised release recommended by the United States Sentencing Commission and adopted by this Court on its judgment form.

These terms and conditions include the following mandatory and special conditions:

No. 1.  The defendant shall not commit another federal, state, or local crime.

No. 2.  The defendant shall not unlawfully possess a controlled substance.

No. 3.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within fifteen days of release from imprisonment and at least two periodic drug tests thereafter as determined by the Court.

No. 4.  The defendant shall cooperate in the collection of DNA as directed by the probation officer.

No. 5.  The defendant shall participate in a program approved by the United States Probation Office for

treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse.

The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment.  The defendant shall contribute to the costs of services rendered at a rate of at least $25 per month.

Does the Government have a motion to dismiss the original Indictment?

**MR. FRAUSTO**:  Yes, Your Honor.  As to this defendant only, the Government would move to dismiss the original Indictment.

**THE COURT**:  On the Government's motion, it is ordered that the original Indictment is dismissed as to this defendant only.

It is ordered that the sentence shall run consecutively to any sentences previously or hereafter imposed in Case No. 70541 by the 108th District Court of Potter County, Texas; Case No. 26264 by the 251st District Court of Randall County, Texas; Case No. 71638 by the 108th District Court of Potter County, Texas; Case No. 71899 by the 108th District Court of Potter County, Texas; Case No. 71900 by the 108th District Court of Potter County, Texas; and Case No. 12CD-CR00165 by the 28th Judicial Circuit Court of Cedar County, Missouri.

The Court recommends to the Bureau of Prisons that the defendant be allowed to participate in the institutional Residential Drug Abuse Program, if eligible, and be assigned to serve his sentence at a facility where he can participate in the program.

The Court further recommends to the Bureau of Prisons that the defendant be assigned to serve his sentence at a facility as close to Amarillo as is consistent with his security classification.

Counsel, do you have anything further at this time?

MR. JOHNSTON:  No, Your Honor.

THE COURT:  At this time, I remand the defendant to the custody of the United States Marshal for transporting directly to the designated institution.

MR. JOHNSTON:  Thank you.

THE COURT:  Counsel, if you have nothing further, you are excused.

MR. JOHNSTON:  Thank you.

(End of Sentencing Proceedings for 03/27/2017.)

* * * * * *

Stacy Mayes Morrison
Official Court Reporter

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter. I further certify that the transcript fees format comply with those prescribed by the Court and the Judicial Conference of the United States.


s/Stacy Mayes Morrison___         10/3/2024_____
Stacy Mayes Morrison                Date
Official Court Reporter