## UNITED STATES DISTRICT COURT
### for
### NORTHERN DISTRICT OF TEXAS

## Petition for Person Under Supervision

| | |
|---|---|
| Person Under Supervision: | Brandon Cruz Perales          Case No.: 2:16-CR-061-Z(01) |
| Name of Sentencing Judge: | Senior U.S. District Judge Sidney A. Fitzwater (Pursuant to Special Order 3-327, reassigned to U.S. District Judge Matthew J. Kacsmaryk on August 1, 2019.) |
| Date of Original Sentence: | May 2, 2017 |
| Original Offense: | Possession with Intent to Distribute 50 Grams or More of Methamphetamine and Aiding and Abetting, 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(viii) and 18 U.S.C. § 2, Class B Felony |
| Original Sentence: | 120 months custody as to Count 2 to run consecutively to any sentence hereafter imposed in Case No. 56,532, by the 108th Judicial District Court of Potter County, Texas; 5-year term of supervised release |
| Detainers: | None. |
| U.S. Marshals No.: | 54935-177 |
| Type of Supervision: | Supervised Release  Date Supervision Commenced: February 24, 2026 |
| Assistant U.S. Attorney: | Joshua Jerome Frausto   Defense Attorney:  Kenneth E. Weston (Court appointed) |

## Petitioning the Court for Action for Cause as Follows:

To issue a violator's warrant.

The probation officer believes the person under supervision violated the following conditions:

### I.

### Violation of Mandatory Condition No. 3

You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic tests thereafter, as determined by the court.

### Violation of Special Condition No. 1

You shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. You shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. You shall contribute to the costs of services rendered (copayment) at a rate of at least $25 per month.

Brandon Cruz Perales
Petition for Person Under Supervision

## Nature of Noncompliance

Brandon Cruz Perales violated these conditions of supervised release by consuming methamphetamine. On April 6, 2026, Mr. Perales submitted a urine specimen to Daily Recover Services (DRS), the substance abuse treatment provider in Amarillo, Texas, which tested positive for methamphetamine. Confirmation was obtained from Abbott Toxicology, which confirmed the specimen collected on April 6, 2026, was positive for methamphetamine.

Mr. Perales violated these conditions of supervised release by failing to attend his substance abuse individual counseling at DRS, on March 10, 2026, April 23, 2026, and May 1, 2026.

Mr. Perales violated these conditions of supervised release by failing to attend urine specimen collections at DRS on May 4 and 12, 2026.

## II.

## Violation of Standard Condition No. 2

After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

## Nature of Noncompliance

Mr. Perales violated this condition of supervised release by failing to report to the U.S. Probation Office in Amarillo, Texas, on April 7, 2026. Mr. Perales last reported on March 5, 2026, for his supervised release intake, and has failed to report since. U.S. Probation Officer Juan Lopez attempted numerous phone calls, conducted a home visit to the residence on file, and sent text messages instructing Mr. Perales to call back, however, no contact was made. Mr. Perales' whereabouts are unknown at this time. All attempts to locate him have been exhausted.

### Personal History

Brandon Cruz Perales commenced his term of supervised release on February 24, 2026, under the U.S. Probation Office in Amarillo, Texas. Since his release, he has maintained residency with his niece in Amarillo. His employment history has been intermittent since being released from custody.

Based on his substance abuse history, Mr. Perales was referred for substance abuse treatment in addition to random urine collections at DRS. Mr. Perales has failed to consistently attend his treatment and random urine collections. Additionally, he tested positive for methamphetamine in April 2026. Mr. Perales first reported to the office for his intake to supervision, however, has failed to report since. Attempts to contact Mr. Perales have been unsuccessful, and he remains unresponsive to all communication efforts.

Given Mr. Perales' ongoing noncompliance and absconding, all attempts to bring him into compliance have been exhausted. Accordingly, a Petition for Offender Under Supervision is being submitted to the Court for further action.

Brandon Cruz Perales
Petition for Person Under Supervision

## Statutory Provisions — Protect Act Supervised Release

| | |
|---|---|
| **Statutory Maximum Custody:** | 3 years. 18 U.S.C. § 3583(e)(3) |
| **Mandatory Revocation Statutes:** | Mandatory revocation for possession of a controlled substance and for refusal to comply with drug testing. Sentence to a term of imprisonment. 18 U.S.C. § 3583(g)(1) & (g)(3). |
| **Fine:** | None |
| **Statutory Maximum for Reimposition of Supervised Release:** | Up to Life, minus revocation sentence. 18 U.S.C. § 3583(h). |

According to U.S. v. Jackson, 559 F.3d 368 (5th Cir. 2009), "when an initial term of supervised release is revoked, the district court may impose a new term of supervised release as part of a revocation sentence. The maximum length of this new term is calculated as follows: 'The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.'" Additionally, in U.S. v. Campos, 922 F.3d 686 (5th Cir. 2019), the Fifth Circuit held that the mandatory minimum term of supervised release that is authorized by statute for the offense that resulted in the original term of supervised release does not apply to post-revocation terms of supervised release. Therefore, a defendant is subject only to the maximum (and not any mandatory minimum) term of supervised release.

## Chapter 7 Violation Computations

| | | |
|---|---|---|
| **Violation Grade:** | C | USSG §7C1.1(a), p.s. |
| **Criminal History Category:** | V | USSG §7C1.5, p.s. |
| **Imprisonment Range:** | 7 to 13 months | USSG §7C1.5, p.s. |
| **Fine:** | None | USSG §7C1.4, comment. (n.4) |

Pursuant to USSG §7C1.3(b), the Court shall revoke supervised release if required by statute. Otherwise, the Court should conduct an individualized assessment, taking into consideration the grade of the violation, to determine whether to revoke supervised release. Revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

In Esteras v. U.S., 606 U.S. 185 (2025), the Supreme Court held that a sentencing court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when determining a sentence following a revocation of a term of supervised release.

In Tapia v. U.S., 564 U.S. 319 (2011), the Supreme Court held that 18 U.S.C. § 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

Brandon Cruz Perales
Petition for Person Under Supervision

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 26, 2026
Respectfully submitted,                              Approved,

_____                            _____
Juan Lopez                                           Gema Delgado Reyes
U.S. Probation Officer                               Supervising U.S. Probation Officer
Amarillo Division                                    Phone:  806-337-1752
Phone:  806-337-1754
Email: juan_lopez@txnp.uscourts.gov

**Order of the Court:**

☐   No action.

☒   The Issuance of a Warrant. Petition and warrant sealed and not to be distributed to counsel of record until arrest effectuated.

☐   The Issuance of a Summons.

☐   Other or Additional:

_____

_____

☐   File under seal until further order of the Court.

_____
The Honorable Matthew J. Kacsmaryk
U.S. District Judge

5-27-26
_____
Date