## UNITED STATES DISTRICT COURT
for
### NORTHERN DISTRICT OF TEXAS

## First Amended Petition for Person Under Supervision

| | | | |
|---|---|---|---|
| Person Under Supervision: | Brandon Cruz Perales | Case No.: | 2:16-CR-061-Z(01) |

Name of Sentencing Judge: Senior U.S. District Judge Sidney A. Fitzwater (Pursuant to Special Order 3-327, reassigned to U.S. District Judge Matthew J. Kacsmaryk on August 1, 2019.)

Date of Original Sentence: May 2, 2017

Original Offense: Possession with Intent to Distribute 50 Grams or More of Methamphetamine and Aiding and Abetting, 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(viii) and 18 U.S.C. § 2, Class B Felony

Original Sentence: 120 months custody as to Count 2 to run consecutively to any sentence hereafter imposed in Case No. 56,532, by the 108th Judicial District Court of Potter County, Texas; 5-year term of supervised release

Detainers: None.

U.S. Marshals No.: 54935-177

Type of Supervision: Supervised Release  Date Supervision Commenced: February 24, 2026

Assistant U.S. Attorney: Joshua Jerome Frausto  Defense Attorney: Kenneth E. Weston
(Court appointed)

## Petitioning the Court for Action for Cause as Follows:

Since the Protect Act Supervised Release Petition for Person Under Supervision was filed on May 27, 2026, Brandon Cruz Perales has further violated his conditions of supervised release. The conduct previously reported and the new violation conduct is included below:

### I.

### Violation of Mandatory Condition No. 1

You must not commit another federal, state or local crime.

### Violation of Mandatory Condition No. 3

You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic tests thereafter, as determined by the court.

### Violation of Special Condition No. 1

You shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. You shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. You shall contribute to the costs of services rendered (copayment) at a rate of at least $25 per month.

Brandon Cruz Perales
Petition for Person Under Supervision

## Nature of Noncompliance

Brandon Cruz Perales violated these conditions of supervised release by consuming methamphetamine. On April 6, 2026, Mr. Perales submitted a urine specimen to Daily Recovery Services (DRS), the substance abuse treatment provider in Amarillo, Texas, which tested positive for methamphetamine. Confirmation was obtained from Abbott Toxicology, which confirmed the specimen collected on April 6, 2026, was positive for methamphetamine.

Mr. Perales violated these conditions of supervised release by failing to attend his substance abuse individual counseling at DRS, on March 10, 2026, April 23, 2026, and May 1, 2026.

Mr. Perales violated these conditions of supervised release by failing to attend urine specimen collections at DRS on May 4 and 12, 2026.

Mr. Perales violated these conditions of supervised release by possessing methamphetamine as evidenced by his arrest on May 31, 2026, for Possession with Intent to Distribute of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), a Class B Felony, by Amarillo Police Department (APD) in Amarillo, Texas, Case No. 2:26-MJ-094, currently pending in the U.S. District Court, Northern District of Texas, Amarillo Division. According to the compliant affidavit, on May 31, 2026, APD attempted to conduct a traffic stop on the vehicle Mr. Perales was traveling in, however, he did not stop and a vehicle pursuit was initiated. After a short pursuit, the vehicle was disabled, coming to a stop in a front yard of a residence, however, Mr. Perales fled on foot. After Mr. Perales was taken into custody, he was found to be in possession of several pills, which appeared to be fentanyl and/or hydrocodone. Inside the vehicle, APD found a black backpack inside the engine compartment, which contained 87 grams of methamphetamine and 13 grams of cocaine. During the interview with Mr. Perales, he indicated the pills were Xanax and Hydrocodone and admitted to consuming methamphetamine and cocaine occasionally. He further admitted to selling methamphetamine, which began approximately in April 2026.

## II.

## Violation of Standard Condition No. 2

After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

## Nature of Noncompliance

Mr. Perales violated this condition of supervised release by failing to report to the U.S. Probation Office in Amarillo, Texas, on April 7, 2026. Mr. Perales last reported on March 5, 2026, for his supervised release intake, and has failed to report since. U.S. Probation Officer Juan Lopez attempted numerous phone calls, conducted a home visit to the residence on file, and sent text messages instructing Mr. Perales to call back, however, no contact was made. Mr. Perales' whereabouts are unknown at this time. All attempts to locate him have been exhausted.

Brandon Cruz Perales
Petition for Person Under Supervision

## Personal History

Brandon Cruz Perales commenced his term of supervised release on February 24, 2026, under the U.S. Probation Office in Amarillo, Texas. Since his release, he has maintained residency with his niece in Amarillo. His employment history has been intermittent since being released from custody.

Based on his substance abuse history, Mr. Perales was referred for substance abuse treatment in addition to random urine collections at DRS. Mr. Perales has failed to consistently attend his treatment and random urine collections. Additionally, he tested positive for methamphetamine in April 2026. Mr. Perales first reported to the office for his intake to supervision, however, has failed to report since. Attempts to contact Mr. Perales were unsuccessful, and he remained unresponsive to all communication efforts, until his arrest on May 31, 2026, by APD. Prior to his arrest, Mr. Perales led officers on a vehicle pursuit, which then led to a foot pursuit. After taking custody of Mr. Perales, he was found to be in possession of Xanax and Hydrocodone pills on his person, and methamphetamine and cocaine inside his vehicle.

Mr. Perales absconded from supervision and was later arrested on a new drug charge only three months after being placed on supervision for a similar offense. His criminal behavior demonstrates a continued disregard for the law and the conditions of his supervision. Accordingly, a Petition for Person Under Supervision is being submitted to the Court for further action.

*The additional violation conduct DOES affect the Statutory Provisions and Chapter 7 Violation Computations previously reported.*

## Statutory Provisions — Protect Act Supervised Release

| | |
|---|---|
| **Statutory Maximum Custody:** | 3 years. 18 U.S.C. § 3583(e)(3) |
| **Mandatory Revocation Statutes:** | Mandatory revocation for possession of a controlled substance and for refusal to comply with drug testing. Sentence to a term of imprisonment. 18 U.S.C. § 3583(g)(1) & (g)(3). |
| **Fine:** | None |
| **Statutory Maximum for Reimposition of Supervised Release:** | Up to Life, minus revocation sentence. 18 U.S.C. § 3583(h). |

According to U.S. v. Jackson, 559 F.3d 368 (5th Cir. 2009), "when an initial term of supervised release is revoked, the district court may impose a new term of supervised release as part of a revocation sentence. The maximum length of this new term is calculated as follows: 'The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.'" Additionally, in U.S. v. Campos, 922 F.3d 686 (5th Cir. 2019), the Fifth Circuit held that the mandatory minimum term of supervised release that is authorized by statute for the offense that resulted in the original term of supervised release does not apply to post-revocation terms of supervised release. Therefore, a defendant is subject only to the maximum (and not any mandatory minimum) term of supervised release.

Brandon Cruz Perales
Petition for Person Under Supervision

## Chapter 7 Violation Computations

| | | |
|---|---|---|
| **Violation Grade:** | A | USSG §7C1.1(a), p.s. |
| **Criminal History Category:** | V | USSG §7C1.5, p.s. |
| **Imprisonment Range:** | 30 to 37 months | USSG §7C1.5, p.s. |
| **Fine:** | None | USSG §7C1.4, comment. (n.4) |

Pursuant to USSG §7C1.3(b), the Court shall revoke supervised release if required by statute. Otherwise, the Court should conduct an individualized assessment, taking into consideration the grade of the violation, to determine whether to revoke supervised release. Revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

In Esteras v. U.S., 606 U.S. 185 (2025), the Supreme Court held that a sentencing court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when determining a sentence following a revocation of a term of supervised release.

In Tapia v. U.S., 564 U.S. 319 (2011), the Supreme Court held that 18 U.S.C. § 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 8, 2026
Respectfully submitted,                                    Approved,

Juan Lopez                                                 Gema Delgado Reyes
U.S. Probation Officer
Amarillo Division                                          Phone:  806-337-1752
Phone:  806-337-1754
Email: juan_lopez@txnp.uscourts.gov

Brandon Cruz Perales
Petition for Person Under Supervision

## Order of the Court:

☐   No action.

☒   The Court acknowledges receipt of the First Amended Petition for Person Under Supervision. This Petition supersedes the original petition filed in this case on May 27, 2026.

☐   Other or Additional:

_____

_____

☐   File under seal until further order of the Court.

_____
The Honorable Matthew J. Kacsmaryk
U.S. District Judge

_____
Date